UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John D. Barnes, # 16471-171,<br>*aka John Dexter Barnes, II*,<br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>D.B. Drew, Warden,<br>　　　　　　　　　　Respondent.<br>_____ | ) C/A No. 8:11-906-JFA-JDA<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

Petitioner, John D. Barnes, # 16471-171, a.k.a. John Dexter Barnes, II, (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas corpus relief. Petitioner is a federal prisoner in the United States Penitentiary (USP) Coleman II in the Federal Bureau of Prisons' (BOP's) Coleman Federal Correctional Complex (FCC) in Coleman, Florida. Pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC), this matter is before the assigned United States Magistrate Judge for initial screening. Having reviewed the Petition and applicable law, the undersigned recommends that the Petition be transferred to the United States District Court for the Middle District of Florida, Ocala Division, because that district court is the proper venue for this case.

## *Pro Se* Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton*

1

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**Background**

On March 11, 2009, Petitioner was sentenced in this Court, by the Honorable Joseph F. Anderson, Jr. United States District Judge, to life imprisonment followed by ten years of supervised release, after Petitioner pled guilty, on October 29, 2008, to conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine (in violation of 21 U.S.C. §§ 841(a)(1); 841(b)(1)(A), 846, and 851). *See United States v. Barnes*, 3:07-1014-JFA-12 (D.S.C. Mar. 12, 2009) ECF No. 847.

Petitioner files this § 2241 habeas action, without paying the $5 filing fee or submitting a Motion for Leave to Proceed *in forma pauperis* (Form AO 240), asking that "this Court cause the BOP to recognize my 733 days of jail credit" for the time period, "from October 30, 2006 to March 11, 2009," during which Petitioner was held in the Richland County Detention Center (RCDC) in Columbia, South Carolina, before being sentenced in this Court. *See* ECF No. 1, p. 8-9. Petitioner alleges that he has exhausted his BOP administrative remedies, wherein the BOP determined that he should receive credit for only 130 days of the "approximately 863 days" that Petitioner was held in RCDC. Petitioner alleges that his administrative appeal of the BOP's allegedly incorrect time computation was denied as untimely by the BOP Regional Director. *See* ECF No. 1, p. 7; ECF No. 1-1, p. 1-6; ECF No. 1-2.

On June 29, 2010, Petitioner filed a motion in his criminal case (C/A No. 07-1014-JFA-12) to compel the government to move for a reduction of his sentence for substantial assistance pursuant to Fed. R. Crim. P. 35(b). This Court ordered the government to

3

respond to the motion and, following such response, granted the government's request for an indefinite extension of time to reply to Petitioner's motion, because Petitioner's cooperation was ongoing.  On December 16, 2010, the government submitted a status report in which it advised this Court that the government anticipates filing a motion for reduction of Petitioner's sentence, so long as Petitioner continues to abide by all terms of his written plea agreement, after Petitioner appears as a witness in the prosecution of another case in this Court.  *See* C/A No. 07-1014-JFA-12, ECF No. 975.

On August 13, 2010, in response to Petitioner's request for clarification of his sentence and credit for time served at RCDC and his contention that the BOP was not giving him proper credit, this Court ordered that Petitioner be sent a blank 28 U.S.C. § 2241 for petition so that Petitioner might more adequately set forth his claims, after exhaustion of his BOP administrative remedies.  *See* Order, *United States v. Barnes*, C/A No. 3:07-1014-JFA-12 (D.S.C. Aug. 13, 2010) ECF No. 962.

## Discussion

Petitioner presumably filed the instant § 2241 petition in this Court because he was sentenced in this Court.  Petitioner has not previously filed a motion to vacate, set aside, or reduce his sentence pursuant to 28 U.S.C. § 2255, and the instant habeas action is not construed as a § 2255 motion—which would be out of time—because it is clearly filed as a § 2241 habeas petition seeking to attack the execution of Petitioner's sentence.  "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."  *Rice v. Rivera*, 617 F.3d 802,

807 (4th Cir. 2010). Further, a § 2255 motion must be brought in the sentencing court. *See* § 2255(a).

A § 2255 motion "'attacks the legality of detention'"; in contrast, a petition for a writ of habeas corpus under § 2241 '"attacks the execution of a sentence rather than its validity,'" *Brown v. Rivera*, No. 9:08-CV-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655, at *3 (D.S.C. Apr. 7, 2009) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)), and must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004). Examples of when § 2241 has been resorted to are: challenges to the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169–70 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504–05 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); and imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Thus, it appears that Petitioner's allegations state the type of claim for relief that is cognizable under § 2241.

This Court, however, does not have jurisdiction to consider the instant § 2241 petition. *See Rumsfeld*, 542 U.S. at 443 (the "general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"). As noted above, Petitioner is confined in USP Coleman II in the BOP's Coleman FCC in Coleman, Florida. Coleman is located in Sumter County, Florida, which is within the jurisdiction of the Ocala Division of the United States District Court for the Middle District of Florida. *See* http://www.flmd.uscourts.gov/. Transfer to the proper

court, *i.e.* the United States District Court for the Middle District of Florida, Ocala Division, is mandated by habeas case law, and pursuant to 28 U.S.C. § 1404, it appears to be in the interest of justice to transfer the case there.  Petitioner may then be required by that district court to bring the case into proper form, by either paying the $5.00 filing fee for a habeas action or submitting an Application to Proceed in District Court Without Prepaying Fees or Costs (Form AO 240).

## Recommendation

Accordingly, it is recommended that this Court transfer this action to the United States District Court for the Middle District of Florida, Ocala Division.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

April 21, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).